UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | 23-MJ-5635-JGD |
| CHRISTOPHER XAVIER BRODEUR, | ) | |
| | ) | |
| Defendant | ) | |

## GOVERNMENT'S MOTION FOR COMPETENCY EVALUATION

The United States of America moves, pursuant to 18 U.S.C. §§ 4241(a), 4241(b), and

4247(b) and (c), to commit the defendant to the custody of the Attorney General for placement in

a suitable Federal Bureau of Prisons facility to conduct a mental examination to determine

whether the defendant is competent to stand trial.  There is evidence, which is submitted as

Exhibits 1-6 hereto and in support of the government's motion for detention, suggesting that the

defendant has mental health issues.  As an officer of the court, counsel believes she has an

obligation to call these matters to this Court's attention, so it may ensure the defendant is

competent to understand the nature and consequences of the proceedings against him and/or to

assist counsel in his defense.  The government is raising this issue now so that the issue of

competency may be addressed at this time, to avoid any unnecessary delays in the proceedings.

## FACTUAL BACKGROUND

The essential facts related to the incident charged in this case are provided in the

Affidavit in Support of Criminal Complaint, submitted together with the Criminal Complaint as

Exhibit 1 hereto; a redacted United States Marshal Service ("USMS") report of investigation

dated October 18, 2023, submitted as Exhibit 2 hereto; a redacted United States Marshal Service

("USMS") report of investigation dated December 12, 2023, submitted as Exhibit 3 hereto; and,

a November 6, 2023, Order on Competency issued by a New Hampshire State Superior Court in

relation to an unrelated state court case in New Hampshire, where the Court found the defendant

not competent to stand trial, not restorable, and not dangerous, submitted as Exhibit 4 hereto.[1]

Exhibits 5 and 6 are redacted copies of two of the defendant's handwritten letters, namely, one

that is dated October 5, 2023, and one that is postmarked December 4, 2023, and will be filed

under seal.  In support of this motion, the government reserves the right to introduce additional

exhibits.  In short, the defendant is charged with two counts of mailing threatening

communications to a federal judge in this courthouse.  Additional factual information is

contained in the exhibits filed in support of this motion.

The defendant was arrested on this case on Thursday December 14, 2023, and his initial

appearance was held that same date.  At the initial appearance, the government moved that the

defendant be detained based on dangerousness under 18 U.S.C. § 3142(f)(1)(A)(crime of

violence), as well as risk of flight under 18 U.S.C. § 3142(f)(2)(A), and risk that the defendant

will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to

threaten, injure or intimidate, a prospective witness under 18 U.S.C. § 3142(f)(2)(B); and the

defendant was taken into the custody of the U.S. Marshals pending a detention hearing scheduled

for today Thursday, December 21, 2023.

A review of the defendant's past involvement with police and the court system reveals

that mental health issues have been present or claimed in past cases, including a recent finding of

not competent by a New Hampshire state court judge.  *See generally* Exs. 1-6.

## LEGAL STANDARD AND ARGUMENT

At any time after initiation of a criminal prosecution, the defendant or attorney for the

---

[1] That New Hampshire state case was thereafter dismissed by nolle prosequi.

government may file a motion for a hearing to determine the defendant's mental competency.

18 U.S.C. § 4241(a).

> The court shall grant the motion, or shall order such a hearing on its own motion,
> if there is reasonable cause to believe that the defendant may presently be
> suffering from a mental disease or defect rendering him mentally incompetent to
> the extent that he is unable to understand the nature and consequences of the
> proceedings against him or to assist properly in his defense.

*Id.*  In such a circumstance, prior to the date of the hearing, the court may order a psychiatric or

psychological examination of the defendant. 18 U.S.C. § 4247(b).

Psychiatric or psychological examinations of the defendant ordered pursuant to 18 U.S.C.

§ 4241(a) and (b) are to be conducted pursuant to the provisions of Section 4247(b) and (c).

Section 4247(b) provides that the court "may commit the person to be examined for a reasonable

period ... to the custody of the Attorney General for placement in a suitable

facility."  Unless "impracticable," the statute requires the Attorney General to conduct the

examination "in the suitable facility closest to the court." 18 U.S.C. § 4247(b).  The

determination of which facility is suitable rests with the Attorney General, just as with all

other designations within the Bureau of Prisons.

The defendant's actions and statements, and his mental health history as laid out in the

attached Exhibits provide "reasonable cause" that the defendant "may" have mental health issues

sufficient for this Court to order a psychiatric or psychological examination of the defendant

under 18 U.S.C. §4241(a) to determine competency.

The government also asks that this Court order that the examination be completed at a

Bureau of Prisons Facility, pursuant 18 U.S.C. § 4247(b).  There is an important public interest

in securing the most efficient, thorough, and reliable method for the Court to determine the

defendant's competency.  A Federal Medical Center (FMC), staffed by Bureau of Prisons

Psychiatrists or Psychologists, who routinely evaluate individuals based on the statutory criteria required, would provide the most efficient, thorough, and reliable means of providing the Court with the necessary information to make a determination as to the defendant's competency to stand trial.  Should the defense require a separate examination of the defendant, or further examinations relative to defendant's mental state at the time of the offense, the government will make every effort to ensure that this is accomplished in a coordinated manner to alleviate duplication and unnecessary delays.

The government further requests that the Court order that the Bureau of Prisons Facility examining the defendant be given access to all relevant medical and psychological/psychiatric records of the defendant for purposes of conducting this assessment.

WHEREFORE, based on the foregoing, the United States of America seeks an order, pursuant to 18 U.S.C. §§ 4241 (a) and (b) and 4247(b), committing the defendant, Christopher Xavier Brodeur, to the custody of the Attorney General for placement in a suitable facility for a reasonable period of time in order to be evaluated by a licensed or certified psychiatrist or psychologist, to assist in determining whether the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.  A proposed order is attached.

The government understands that the defense takes no position on this motion to the request for a competency evaluation, although the defense has not yet had the opportunity to review this motion or the proposed order.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By:    */s/ Suzanne Sullivan Jacobus*
SUZANNE SULLIVAN JACOBUS
Assistant U.S. Attorney

December 21, 2023

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants by First Class Mail.

*/s/ Suzanne Sullivan Jacobus*
Dated: December 21, 2023                    Suzanne Sullivan Jacobus