# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Rockingham County                                             Rockingham Superior Court

## State v. Christopher Xavier Brodeur

### 218-2021-CR-00983

<u>ORDER ON COMPETENCY</u>

After a hearing, the Court finds the defendant not competent to stand trial, not restorable, and not dangerous. The Court bases this finding on the competency evaluations in the file, the copious amounts of handwritten and email correspondence from the defendant, and the defendant's testimony at the hearing. The Court has also relied on its 27 years of experience in dealing with defendants - perhaps thousands – with mental health issues. This case is not even a close call for the Court.

At the hearing in this matter, the State submitted the OFE report of Dr. James Bomersbach. The defendant submitted a 2018 evaluation by Dr. Tali Walters. Both reports accurately describe the defendant: he has impassioned and delusional beliefs about himself. Dr. Bomersbach concluded that the defendant likely has a narcissistic personality disorder, but that this disorder does not render him in competent. Both Dr. Walter's evaluation and the Court disagree. The Court finds, based on the defendant's writings and testimony, that he suffers from grandiose delusions – and that he firmly believes in them. He lacks the ability to



correctly identify the role of his attorney, has a demonstrably false – and irrational – understanding of the law, his own criminal past, and the role of the Court.

In short, the defendant's emphatic, delusional beliefs prohibit him from communicating with his attorney (or any attorney assigned to him) in any way that could assist in his defense.  The defendant's deep seeded conspiratorial beliefs significantly impair his ability to have a rational understanding of the criminal justice process.

In the event this order is appealed, any reviewing court should listen to the audio recording of the defendant's testimony and not rely strictly on the written transcript.

To be clear, the defendant is highly intelligent, very well read, articulate, and an exceptional artist.  Many of his cartoons cleverly and artistically lampoon the police, the courts and other various public figures.  However, satire ends where delusion begins.  The Court respectfully disagrees with how Dr. Bomersbach discounted the significance of how the defendant's delusional beliefs undermine his competency to stand trial.  The fact that he may have represented himself in other misdemeanor trials – as noted in the OFE report – and was able to make his way through one trial (though he was found in contempt for his conduct) is really a function of his very high intelligence.  The defendant appears to be very skilled at masking how his delusional beliefs impair his judgment and understanding.  The fact that the defendant can string together cogent arguments is not enough to demonstrate his competency to stand trial.

NH RSA 135:17-a, I provides that if a defendant is deemed not competent, the Court shall order treatment for restoration of competency unless it is determined, by clear and convincing evidence, that there is no reasonable likelihood that the defendant will be restored within 12 months. That is what the Court finds in this case.

Given the content of the evaluations, the defendant's mental state has not changed since 2018. In fact, it appears that the defendant's incarceration has only served to augment his earnest belief in his delusions. There is no course of treatment before the Court that will restore him to competency within one year.

There is no doubt in the Court's mind that Mr. Brodeur is not competent and not restorable. This, then becomes an issue of "dangerousness." "Dangerousness" is defined in RSA 135-C:27. It requires a threat of, a likelihood of, an attempt to inflict, or an actual infliction of serious bodily injury to oneself or another or a lack of capacity to care for one's own welfare such that there is a likelihood of serious debilitation if admission is not ordered

Lastly, there is no argument that the defendant meets the threshold for "dangerousness" to trigger detention under RSA 135-C:27, while awaiting a probate court commitment. He has no history of inflicting injury to himself or others. While the misdemeanor stalking case that is pending in the Dover District Court is troubling – and the Court has concerns about the defendant's penchant to willfully ignore laws and orders that he deems "unjust" or "illegal" – his actions have not threatened harm and do not rise to the level of "dangerousness" as contemplated by the law.

USAO_000033

That being said, if the defendant continues to engage in criminal behavior, it is quite possible that the requisite showing of dangerousness could be made in the future.

Lastly, if the State disagrees with the Court's finding concerning dangerousness, this order is stayed for two weeks to allow the State to file a request for such a hearing, or it may nolle prosse the case prior to the effective date of this order if it elects to forego an appeal.

This Order will become effective, and the case dismissed, on 11-21-23, unless the State seeks a further hearing or enters a nolle prosse.

Date:  November 6, 2023

Hon. David W. Ruoff
Rockingham County Superior Court

Clerk's Notice of Decision
Document Sent to Parties
on  11/07/2023